UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHN DOE,

                Plaintiff,

    v.

WOODS SERVICES, INC. and CRESTWOOD SERVICES, INC.,

                Defendants.

Civil Action No.:

**NOTICE OF REMOVAL**

---

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that Defendant **WOODS SERVICES, INC.**, and as successor by merger to former **CRESTWOOD SERVICES, INC**. (hereinafter "Defendant"), by and through its undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and states pursuant to Rule 11 of the Federal Rules of Civil Procedure the following grounds in support of removal of the above-captioned matter:

    1.    Plaintiff John Doe ("Plaintiff") commenced the above-captioned action in the Supreme Court of the State of New York, County of Kings, by filing a Summons and Verified Complaint with that Court on March 9, 2020.  The Kings County Clerk received the Verified Complaint for filing and assigned the action Index Number 505916/2020 (hereinafter referred to as the "State Action").

6954163

2. On or about October 29, 2020, Defendant received copies of the Summons and Verified Complaint filed in the State Action by personal service. According to the Summons, the basis of venue is Plaintiff's residence in Kings County, New York. The Verified Complaint did not explicitly specify the amount of monetary damages sought, and thus the case was not immediately removable at that time. A true and correct copy of the Summons and Verified Complaint in the State Action is annexed hereto as Exhibit "A".

3. Defendant timely served its Verified Answer on November 27, 2020. A true and correct copy of the Verified Answer in the State Action is annexed hereto as Exhibit "B".

4. Before service of the Summons and Complaint was executed upon Defendant in the State Action, on or about March 9, 2020, Plaintiff filed an Order to Show Cause with Temporary Restraining Order pursuant to CPLR §6301 and N.Y. Civ. Rights 50-h and Affirmation in Support of its application for an order directing Plaintiff to proceed and be referred to in all papers by the pseudonym "John Doe". Thereafter, on or about October 21, 2020, Justice George J. Silver signed the Order to Show Cause with Temporary Restraining Order directing argument to be heard on December 17, 2020. On or about November 24, 2020, the parties stipulated to adjourn the pending Order to Show Cause until January 7, 2020 which was also so-ordered by Justice Silver. On or about October 14, 2020, Justice George J. Silver issued an order directing response papers to be filed under a Master Index No. To date, opposition has not been filed. True and correct copies of the proposed Order to Show Cause, Plaintiff's Affirmation in Support, the executed Order to Show Cause, so-ordered Stipulation of Adjournment, and Order relating to the filling of responsive papers in the State Action are collectively annexed hereto as Exhibit "C".

5. By Administrative Order #371, dated December 11, 2019 and entered on March 16, 2020, also before service of the Summons and Complaint was executed upon Defendant in the State Action, Justice George J. Silver set forth various deadlines for all cases filed under the Child Victims Act. By Administrative Order #40, dated February 4, 2020 and entered on March

16, 2020, Justice Silver directed that a Case Management Order would be issued on such cases. On February 24, 2020, Justice Silver issued Case Management Order No. 1, entered on March 16, 2020, applicable to all cases filed under the Child Victims Act. On June 16, 2020, Justice Silver issued Case Management Order No. 2, entered on June 18, 2020, applicable to all cases filed under the Child Victims Act. On September 18, 2020, Justice Silver issued a Confidentiality Order pursuant to Case Management Order No. 2 applicable to the pre-trial phase of actions litigated under the Child Victims Act. True and correct copies of Justice Silver's Administrative Order #371 Amended, Administrative Order #40, Case Management Order No. 1, Case Management Order No. 2 and Confidentiality Order pursuant to Case Management Order No. 2 are collectively annexed hereto as Exhibit "D".

6. Contemporaneously with the service of its Verified Answer, on November 27, 2020, Defendant also served Plaintiff with a Demand Pursuant to CPLR 3017(c) requesting a supplemental demand for relief setting forth the total damages to which Plaintiff deems himself entitled by reason of the claims set forth in this action. A true and correct copy of the Demand Pursuant to CPLR 3017(c) is annexed hereto as Exhibit "E". Defendant likewise served Plaintiff with a Notice to Admit requesting Plaintiff to admit or deny that the amount in controversy was under $75,000.000. A true and correct copy of the Notice to Admit is annexed hereto as Exhibit "F". True and correct copies of all initial demands for discovery served by this Defendant, including Notices for Discovery and Inspection, Combined Demands, Demand for Bill of Particulars, are annexed hereto collectively as Exhibit "G".

7. On December 16, 2020, Plaintiff served a Response to Demand for Damages, setting forth, for the first time, the total damages to which Plaintiff deems himself entitled by reason of the claims asserted in this action in the amount of TWENTY MILLION ($20,000,000) DOLLARS for each cause of action. A true and correct copy of the Response to Demand for Damages is annexed hereto as Exhibit "H". On December 16, 2020, Plaintiff also denied in his Response to the Notice of Admit that the controversy was under $75,000.00. Consequently,

this case is now immediately removable. A true and correct copy of the Response to Notice to Admit (redacted as to the identity of Plaintiff) is annexed hereto as Exhibit "I".

8. The Summons, Verified Complaint, Verified Answer, Order to Show Cause, Justice Silver's Administrative Order #371 Amended, Administrative Order #40, Case Management Order No. 1, Case Management Order No. 2, Confidentiality Order, Notice to Admit and Response, and Demand for Damages and Response constitute all of the process, pleadings and orders that have been served upon Defendant in the State Action to date. No further proceedings have been held in the State Action.

9. The State Action is being removed to this Court pursuant to 28 U.S.C. § 1332. Specifically, Plaintiff, a resident of Kings County, New York, alleges that he was sexually abused by Defendant's former employees, McCall and Riley. Defendant is a non-membership Pennsylvania non-profit corporation. See Exhibit "A". Service was executed upon Defendant via personal service in Pennsylvania. Plaintiff seeks monetary relief in the sum of $20,000,000.00 for each of the six causes of action. See Exhibit "H". Therefore, since diversity of citizenship exists amongst the parties and the amount in controversy exceeds $75,000.00, see Exhibit "I", Defendant may remove the State Action pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

10. This Notice of Removal is being filed with this Court within thirty (30) days after Defendant's receipt of Plaintiff's Response to Demand for Damages and Response to Notice to Admit, which set forth that the amount in controversy is over $75,000.00, and thereby show that the case is now immediately removable. This Notice of Removal is also filed before any proceedings have been conducted in the Supreme Court of the State of New York, County of Kings, and well within one year of the filing date of the State Action. Thus, the Notice of Removal is timely and proper pursuant to 28 U.S.C. §1446(b).

11. As required by 28 U.S.C. §1446(d), concurrent with this filing, Defendant is filing a true and correct copy of this Notice of Removal with the Supreme Court, County of Kings. A

true and correct copy of the Notice of Filing of Notice of Removal is annexed hereto as Exhibit "J". Defendant is also providing notice to Plaintiff of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

12. This Notice of Removal is being filed in the United States District Court for the Eastern District of New York the District Court of the United States within which the State Action is pending as required by 28 U.S.C. §§ 1441(a) and 1446(a).

13. Accordingly, Defendant has satisfied all procedural requirements governing removal pursuant to 28 U.S.C. §§ 1441 and 1446, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

14. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including but not limited to, lack of personal jurisdiction and improper venue.

## THE PARTIES

15. According to the Verified Complaint, Plaintiff is a resident of the State of New York, County of Kings. See Exhibit "A". Defendant **WOODS SERVICES, INC.** is a non-membership Pennsylvania non-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, doing business at 40 Martin Gross Drive Langhorne PA, 19047. See Exhibit "B", p. 2. **CRESTWOOD SERVICES, INC.** was, and no longer is, a non-membership Pennsylvania nonprofit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania doing business at 40 Martin Gross Drive Langhorne PA, 19047, See Exhibit "B", p. 7. Defendant **WOODS SERVICES, INC.** operates residential care treatment facilities and schools and provided services to the Plaintiff. See Exhibit "B", pp. 4, 14. The former **CRESTWOOD SERVICES, INC.** operated a behavioral health residential program, and **WOODS SERVICES, INC.** is the successor by merger to the former **CRESTWOOD SERVICES, INC.** See Exhibit "B", p. 3. Non-party Riley was employed by Defendant **WOODS SERVICES, INC.** and/or the former **CRESTWOOD SERVICES, INC.** as a counselor. See Exhibit "B", p. 8.

Non-party McCall was employed by the former **CRESTWOOD SERVICES, INC.** as a counselor. See Exhibit "B", p. 9.

## THE STATE COURT ACTION

16.     Plaintiff's claims against Defendant include negligence, negligent hiring retention and supervision, and negligent infliction of emotional distress for allegations that he was sexually abused by counselors McCall and Riley, non-parties employed by Defendant, a non-membership Pennsylvania nonprofit corporation. See Exhibit "A". Plaintiff alleges that the matter in controversy far exceeds the sum or value of $75,000.00 and seeks entitlement to $20,000,000.00 for each of the six causes of action. See Exhibit "H"; Exhibit "I".

## THE COURT'S REMOVAL JURISDICTION

17.     28 U.S.C. § 1332 provides the basis for this Court's removal jurisdiction over the State Action. Section 1332 (a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States …

See 28 U.S.C. § 1332(a).  Further, 28 U.S.C. § 1332 (c) (1) provides, in pertinent part:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant . . .

See 28 U.S.C. § 1332(c).  The State Action is within the original jurisdiction of this Court based upon diversity of citizenship of the parties and amount in controversy pursuant to 28 U.S.C. § 1332.  Pursuant to 28 U.S.C. §1441, the State Action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441.

18.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has established jurisdiction over the Defendant, or has pled any claims upon which relief may be granted.

19.     This Notice of Removal is signed pursuant to Fed. R. Civ. Pr. 11.  <u>See</u> 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant respectfully requests the removal of the State Action from the Supreme Court, County of Kings, to this Court.

Dated:  Valhalla, New York
        December 17, 2020

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

_____
By:     David Bloom, Esq. (DB1918)
Attorneys for Defendant
**WOODS SERVICES, INC.**, and as successor by merger to former **CRESTWOOD SERVICES, INC.**
200 Summit Lake Drive
Valhalla, NY 10595
Tel.: (914) 449-1000
E-mail: dbloom@kbrlaw.com

6954163