# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
JOHN DOE,

                *Plaintiff,*

   -against -

WOODS SERVICES, INC. and CRESTWOOD SERVICES, INC.,

                *Defendants.*
------------------------------------------------------------------X

Index No.: _____/20

Plaintiffs designate KINGS COUNTY as place of trial.

The basis of venue is Plaintiff's residence

**SUMMONS**

Plaintiff resides in Kings County

To the above-named defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case your failure to appear or answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, KINGS COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
       March 9, 2020

                                       MERSON LAW, PLLC

                               By: _____
                                   Jordan K. Merson
                                   Attorneys for Plaintiff
                                   150 East 58th Street 34th Floor
                                   New York, New York 10155
                                   (212) 603-9100

TO:
**WOODS SERVICES, INC.**
40 Martin Gross Drive
Langhorne, PA 19047

**CRESTWOOD SERVICES, INC.**
40 Martin Gross Drive
Langhorne, PA 19047

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
JOHN DOE,

                *Plaintiff,*

-against-

WOODS SERVICES, INC., and CRESTWOOD SERVICES, INC.,

                *Defendants.*
------------------------------------------------------------------X

Index No.: _____/19

**VERIFIED COMPLAINT**

Plaintiff[1], above named, complaining of the defendants, by **MERSON LAW, PLLC.**, respectfully allege(s):

## NATURE OF THE CLAIM

1. This is a case of Plaintiff John Doe who was sexually abused as a child by Tim Riley ("Riley") and Matt McCall ("McCall") at and of Woods Services, Inc. ("Woods Services") and Crestwood Services, Inc. ("Crestwood Services").

2. Riley and McCall were counselors at Woods Services and/or Crestwood Services who were responsible for Plaintiff and other residents and/or students of Woods Services and/or Crestwood Services. Riley was known among the community and the children as a sexual predator. McCall was known among the community and the children as a sexual predator.

3. Despite the Woods Services and/or Crestwood Service's knowledge that Riley and/or McCall sexually abused children and/or had the propensity to sexually abuse children,

---

[1] Plaintiff uses a pseudonym because he is a victim of a sex crime pursuant to N.Y. Civ. Rights § 50-b and other statutory and common law principles.

the Woods Services and/or Crestwood Services allowed Riley and McCall unfettered access to children, on company premises without proper supervision.

4. At all times herein mentioned, Woods Services and/or Crestwood Services were residential and/or day facilities that was supposed to care for and protect autistic children, such as Plaintiff.

5. Beginning in or about 2004 and continuing until approximately 2006, Riley and McCall, while under the scope of employment with the Woods Services and/or Crestwood Services and while acting on behalf of the Woods Services and/or Crestwood Services, Riley and McCall would sexually abuse Mr. Plaintiff, then between sixteen and eighteen years old, forcing him to perform oral sex on them and other sexual and physical abuse.

6. Plaintiff brings this lawsuit to recover for the emotional and physical suffering he endured because of the negligence of the Woods Services and/or Crestwood Services and to make sure no other child is forced to suffer the abuse and physical and mental trauma he felt and continues to feel.

## PARTIES

7. At all times herein mentioned defendant **WOODS SERVICES, INC.** was a not for profit corporation incorporated in the state of Pennsylvania and by virtue of the laws of the State of Pennsylvania.

8. At all times herein mentioned, defendant **WOODS SERVICES, INC.** was located at 40 Martin Gross Drive, Langhorne, Pennsylvania 19047.

9. At all times herein mentioned, Riley was a counselor operating under the direction and control of defendant **WOODS SERVICES, INC.**, and its agents, servants and/or employees.

10. At all times herein mentioned, McCall was a counselor operating under the direction and control of defendant **WOODS SERVICES, INC.**, and its agents, servants and/or employees.

11. At all times herein mentioned, Riley was an agent, servant and/or employee of defendant **WOODS SERVICES, INC.**

12. At all times herein mentioned, McCall was an agent, servant and/or employee of defendant **WOODS SERVICES, INC.**

13. At all times herein mentioned defendant **CRESTWOOD SERVICES, INC.** was a not for profit corporation incorporated in the state of Pennsylvania and by virtue of the laws of the State of Pennsylvania.

14. At all times herein mentioned, defendant **CRESTWOOD SERVICES, INC.** was located at 40 Martin Gross Drive, Langhorne, Pennsylvania 19047.

15. At all times herein mentioned, Riley was a counselor operating under the direction and control of defendant **CRESTWOOD SERVICES, INC.**, and its agents, servants and/or employees.

16. At all times herein mentioned, McCall was a counselor operating under the direction and control of defendant **CRESTWOOD SERVICES, INC.**, and its agents, servants and/or employees.

17. At all times herein mentioned, Riley was an agent, servant and/or employee of defendant **CRESTWOOD SERVICES, INC.**

18. At all times herein mentioned, McCall was an agent, servant and/or employee of defendant **CRESTWOOD SERVICES, INC.**

19. At all times herein mentioned, defendants **WOODS SERVICES, INC.** and **CRESTWOOD SERVICES, INC.** were agents, servants, employees and/or alter egos of each other.

## FACTS OF THE CASE

20. Defendant **WOODS SERVICES, INC.** and **CRESTWOOD SERVICES, INC.'s** negligence and recklessness caused, allowed, encouraged and/or permitted Riley and McCall to have access to children, including on defendants' premises, without proper supervision, despite its knowledge that Riley and McCall sexually abused children and/or had the propensity to sexually abuse children, and therefore are responsible for the injuries that Plaintiff incurred because but for Defendant **WOODS SERVICES, INC. and CRESTWOOD SERVICES, INC.'s** negligence, Plaintiff would not have suffered the mental and physical anguish inflicted by Riley and McCall. Defendant's gross negligence, reckless, wanton, and/or willful conduct supports punitive liability.

21. Riley and McCall sexually assaulted Plaintiff and many other young students and/or residents of Woods Services and/or Crestwood Services. Nonetheless, defendant **WOODS SERVICES, INC** and/or **CRESTWOOD SERVICES, INC.** failed to remove Riley and McCall from their positions as counselors or to take any steps to keep the dangerous predators away from children. In fact, Woods Services and/or Crestwood Services continued to allow, encourage and/or permit Riley and McCall to have unfettered access to children, without proper supervision.

22. At all times herein mentioned, Plaintiff was and is on the autism spectrum. Plaintiff's parents enrolled him in Woods Services and/or Crestwood Services in 2004 for their special program with autistic children.

23. In approximately 2004 and continuing until approximately 2006, Riley and McCall would sexually abuse Plaintiff in his room at Woods Services and/or Crestwood Services, on the train to New York for Plaintiff's home visits including in Pennsylvania Station in New York, New York and other places.

24. Riley and McCall would corner Plaintiff in his room at Woods Services and/or Crestwood Services and force Plaintiff to perform oral sex on both of them at the same time.

25. As per the direction of Woods Services and/or Crestwood Services, Riley and McCall would escort Plaintiff on the train home to New York from Pennsylvania and the train back to Pennsylvania. While on the train and after arrival in New York, Riley and McCall forced Plaintiff to perform oral sex on them.

26. Riley and McCall threatened and brutally abused Plaintiff in order to keep Plaintiff from revealing the assaults.

27. Riley and McCall used their positions of power and authority as provided to them by Woods Services and/or Crestwood Services to gain access to Plaintiff to sexually abuse him.

28. As a result of the actions of Riley and McCall, Plaintiff felt and continues to feel ashamed, embarrassed and humiliated.

29. As such, Plaintiff suffered catastrophic and lifelong injuries as a result of defendant **WOODS SERVICES, INC.** and/or **CRESTWOOD SERVICES, INC.'S** negligence

in undertaking a duty, including but not limited to in locis parentis, in failing to protect the children of its school and/or residential treatment facilities and of its community, including Plaintiff, safe from McCall and/or Riley despite Woods Services and/or Crestwood Services having knowledge that McCall and/or Riley sexually abused children and/or had the propensity to sexually abuse children, and/or allowing Riley and/or McCall to continue to have their position of authority and power, and Woods Services and/or Crestwood Services failed to adequately supervise McCall and/or Riley.

## AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE
## AGAINST WOODS SERVICES, INC.

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 29., inclusive, with the same force and effect as if hereinafter set forth at length.

31. At all times mentioned herein, defendant **WOODS SERVICES, INC.** owed a duty of care, including but not limited to in locis parentis, to keep the children of its school and/or residential care facility, including plaintiff, safe from sexual abuse by its counselors under its supervision, including on company premises, and control that ultimately befell the plaintiff, and they had a duty to supervise McCall and/or Riley.

32. At all times mentioned herein, defendant **WOODS SERVICES, INC.** and/or its agents, servants and/or employees breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiff to be sexually assaulted.

33. As a result of the negligence of defendant **WOODS SERVICES, INC.** and/or its agents, servants and/or employees, Plaintiff was caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical

manifestations thereof, and other losses, all of which have not as of yet been ascertained.

34. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

35. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

36. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

37. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AGAINST WOODS SERVICES, INC.

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 37., inclusive, with the same force and effect as if hereinafter set forth at length.

39. Defendant **WOODS SERVICES, INC.,** had a duty to supervise and prevent known risks of harm to the children and students of its schools and/or residential treatment facility by its counselors.

40. Defendant was negligent in hiring, retaining and supervising their personnel, such as McCall and/or Riley, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge and skill of counselors and other school and/or residential treatment facility officials and other supervisors who should have properly been supervising the counselors and other school and/or residential care facility staff to ensure the safety of the children of its school and/or residential care facility.

41. Defendant **WOODS SERVICES, INC.** knew or should have known Riley and/or McCall sexually abused and/or had the propensity to sexually abuse children and did nothing to stop it.

42. As a result of such negligent hiring, supervising and retention, Plaintiff was caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

43. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

44. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

45. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

46. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST WOODS SERVICES, INC.

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 46., inclusive, with the same force and effect as if herein set forth at length.

48. Defendant **WOODS SERVICES, INC.** and their agents, servants and/or employees, knew or reasonably should have known that the failure to properly advise, supervise and hire Riley and/or McCall, the counselors who sexually abused Plaintiff, would and did proximately result in physical and emotional distress to Plaintiff.

49. Defendant **WOODS SERVICES, INC.** and their agents, servants and/or employees knew or reasonably should have known that the sexual abuse and other improper conduct would and did proximately result in physical and emotional distress to Plaintiff.

50. Defendant has the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiff being sexually abused by Riley and/or McCall.

51. Despite said knowledge, power and duty, defendant negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted in Riley and/or McCall sexually abusing Plaintiff.

52. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

53. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

54. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

55. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST CRESTWOOD SERVICES, INC.

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 55., inclusive, with the same force and effect as if hereinafter set forth at length.

57. At all times mentioned herein, defendant **CRESTWOOD SERVICES, INC.** owed a duty of care, including but not limited to in locis parentis, to keep the children of its

school and/or residential care facility safe from sexual abuse by its counselors under its supervision, including on company premises, and control that ultimately befell the plaintiff, and they had a duty to supervise Riley and/or McCall.

58. At all times mentioned herein, defendant **CRESTWOOD SERVICES, INC.** and/or its agents, servants and/or employees breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiff to be sexually assaulted.

59. As a result of the negligence of defendant **CRESTWOOD SERVICES, INC.** and/or its agents, servants and/or employees, Plaintiff was caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

60. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

61. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

62. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

63. This action falls within exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AGAINST CRESTWOOD SERVICES, INC.**

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 63., inclusive, with the same force and effect as if hereinafter set forth at length.

65. Defendant **CRESTWOOD SERVICES, INC.**, had a duty to supervise and prevent known risks of harm to the children of its schools and/or residential treatment facility by its counselors.

66. Defendant was negligent in hiring, retaining and supervising their personnel, such as McCall and/or Riley, who were careless, unskillful, negligent, reckless and acted in a willful and wanton manner in not possessing the requisite knowledge and skill of counselors and other school and/or residential treatment facility officials and other supervisors who should have properly been supervising the counselors and other school and/or residential care facility staff to ensure the safety of the children of its school and/or residential care facility.

67. Defendant **CRESTWOOD SERVICES, INC.** knew or should have known Riley and/or McCall sexually abused and/or had the propensity to sexually abuse children and did nothing to stop it.

68. As a result of such negligent hiring, supervising and retention, Plaintiff was caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

69. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

70. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

71. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

72. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR THE SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST CRESTWOOD SERVICES, INC.

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 72., inclusive, with the same force and effect as if herein set forth at length.

74. Defendant **CRESTWOOD SERVICES, INC.** and their agents, servants and/or employees, knew or reasonably should have known that the failure to properly advise, supervise and hire Riley and/or McCall, the counselors who sexually abused Plaintiff, would and did proximately result in physical and emotional distress to Plaintiff.

75. Defendant **CERSTWOOD SERVICES, INC.** and their agents, servants and/or employees knew or reasonably should have known that the sexual abuse and other improper conduct would and did proximately result in physical and emotional distress to Plaintiff.

76. Defendant has the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiff being sexually abused by Riley and/or McCall.

77. Despite said knowledge, power and duty, defendant negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted in Riley and/or McCall sexually abusing Plaintiff.

78. By reason of the foregoing, Plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just and adequate.

79. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendants in such sums as a jury would find fair, just and adequate.

80. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

81. This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, Plaintiff demands judgement against defendant in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
      March 9, 2020

MERSON LAW, PLLC

By: _____
Jordan K. Merson
Attorney for Plaintiff
150 East 58th Street 34th Floor
New York, New York 10155
(212) 603-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
JOHN DOE,

                            **Plaintiff,**
    -against -

WOODS SERVICES, INC. and CRESTWOOD SERVICES, INC.,

                          **Defendants.**
-----------------------------------------------------------------X

Index No.: _____/20

**ATTORNEY VERIFICATION**

JORDAN K. MERSON, an attorney duly admitted to practice in the Courts of New York State, and a member of the firm MERSON LAW, PLLC., attorneys for the plaintiffs in the within action, hereby affirms under penalty of perjury:

    That he has read the within complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

    That the sources of his information and knowledge are investigations and records in the file.

    That the reason this verification is made by affirmant and not by the plaintiff is that the plaintiff is not within the County where the attorney has his office.

Dated: New York, New York
       March 9, 2020

                                                _____
                                                JORDAN K. MERSON

Index No.                                      Year 2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

JOHN DOE,

              *Plaintiff,*

- *against* -

WOODS SERVICES, INC. and CRESTWOOD SERVICES, INC.,

              *Defendant(s),*

---

**SUMMONS AND VERIFIED COMPLAINT**

---

Merson Law, PLLC.

*Attorneys for Plaintiff(s)*

Office and Post Office Address, Telephone
150 East 58th Street 34th Fl.
New York, New York 10155
(212) 603-9100

---

To: All Parties