# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------ X
JOHN DOE,                                                                    Index No.: 505916/2020

                        Plaintiff,

           -against-                                          **VERIFIED ANSWER**

WOODS SERVICES, INC. and CRESTWOOD
SERVICES, INC.,

                        Defendants.

------------------------------------------------------------------------ X

      Defendant, **WOODS SERVICES, INC.,** and as successor by merger to the former **CRESTWOOD SERVICES, INC.**, hereby and through its attorneys, KAUFMAN BORGEEST & RYAN LLP, as and for its Verified Answer to Plaintiff's Verified Complaint, states and alleges upon information and belief:

      FIRST.      Denies the truth of the allegations set forth in paragraphs "1", "3," "5" and "6" of the Verified Complaint.

      SECOND.      Denies the truth of the allegations contained in paragraph "2" of the Verified Complaint, except admits that RILEY and MCCALL at certain dates and times which may or may not be set forth in the Complaint were employed by Defendant **WOODS SERVICES, INC.** and/or the former **CRESTWOOD SERVICES, INC.** and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

      THIRD.      Denies in the form and manner alleged the allegations contained in the paragraph designated as "4" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, Defendant **WOODS SERVICES, INC.** operates residential care treatment facilities and schools in accordance with all good and accepted practices and standards, that the former **CRESTWOOD SERVICES, INC.** operated a behavioral health residential program in accordance with all good and accepted practices and standards, and that **WOODS SERVICES, INC.** is the successor by merger to the former

1

6903075

**CRESTWOOD SERVICES, INC.**, and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

FOURTH. Denies in the form and manner alleged the allegations contained in those paragraphs designated as "7" and "8" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, Defendant **WOODS SERVICES, INC.** was and is a non-membership Pennsylvania nonprofit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania doing business at 40 Martin Gross Drive Langhorne PA, 19047, and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

FIFTH. Denies in the form and manner alleged the allegations contained in those paragraphs designated as "9" and "11" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, RILEY was employed by Defendant **WOODS SERVICES, INC.** and/or the former **CRESTWOOD SERVICES, INC.** as a counselor, and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

SIXTH. Denies in the form and manner alleged the allegations contained in those paragraphs designated as "10" and "12" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, MCCALL was employed by the former **CRESTWOOD SERVICES, INC.** as a counselor, and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

SEVENTH. Denies in the form and manner alleged the allegations contained in those paragraphs designated as "13" and "14" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, the former **CRESTWOOD SERVICES, INC.** was, and no longer is, a non-membership Pennsylvania nonprofit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania doing business at 40 Martin Gross Drive Langhorne PA, 19047, and that Defendant **WOODS SERVICES, INC.** is

the successor by merger to the former **CRESTWOOD SERVICES, INC.**, and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

EIGHTH.   Denies in the form and manner alleged the allegations contained in those paragraphs designated as "15" and "17" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, RILEY was employed by Defendant **WOODS SERVICES, INC**. and/or the former **CRESTWOOD SERVICES, INC.** as a counselor, and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

NINTH.   Denies in the form and manner alleged the allegations contained in those paragraphs designated as "16" and "18" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, MCCALL was employed by the former **CRESTWOOD SERVICES, INC.** as a counselor, and otherwise begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

TENTH.   Denies in the form and manner alleged the allegations contained in the paragraph designated as "19" of the Verified Complaint, and otherwise begs leave to refer all questions of fact to the trier thereof and all questions of law to the Court.

ELEVENTH.   Denies each and every allegation set forth in paragraphs "20," "21," "23," "24," "25," "26," "27," "28" and "29."

TWELFTH.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "22" of the Verified Complaint, and otherwise begs leave to refer all questions of fact to the trier thereof and all questions of law to the Court.

### AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST WOODS SERVICES, INC.

THIRTEENTH.   With respect to the paragraph designated as "30" of the Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial of

knowledge or information sufficient to form a belief, denial in the form and manner alleged, and denial in response to the paragraphs designated as "1" through "29".

FOURTEENTH. Denies in the form and manner alleged the allegations contained in those paragraphs designated as "31" of the Verified Complaint, except admits that at certain dates and times which may or may not be set forth in the Complaint, Defendant **WOODS SERVICES, INC.** operates residential care treatment facilities and schools and provided services, including to the Plaintiff herein, in accordance with all good and accepted practices and standards and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

FIFTEENTH. Denies each and every allegation set forth in paragraphs "32," "33," "34," "35," "36" and "37."

**AS FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AGAINST
WOODS SERVICES, INC.**

SIXTEENTH. With respect to the paragraph designated as "38" of the Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial of knowledge or information sufficient to form a belief, denial in the form and manner alleged, and denial in response to the paragraphs designated as "1" through "37".

SEVENTEENTH. Denies in the form and manner alleged the allegations contained in paragraph designated as "39" of the Verified Complaint, except admits that Defendant **WOODS SERVICES, INC.** operates residential care treatment facilities and schools and provided services, including to the Plaintiff herein, in accordance with all good and accepted practices and standards and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

EIGHTEENTH. Denies each and every allegation set forth in paragraphs "40," "41," "42," "43," 44," "45" and "46."

### AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST WOODS SERVICES, INC.

NINETEENTH. With respect to the paragraph designated as "47" of the Plaintiffs' Verified Complaint, Defendant repeats, reiterates and realleges each and every denial of knowledge or information sufficient to form a belief, denial in the form and manner alleged, and denial in response to the paragraphs designated as "1" through "46".

TWENTIETH. Denies each and every allegation set forth in paragraphs "48," "49," "50," "51," "52," "53," "54" and "55."

### AS FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST CRESTWOOD SERVICES, INC.

TWENTY-FIRST. With respect to the paragraph designated as "56" of the Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial of knowledge or information sufficient to form a belief, denial in the form and manner alleged, and denial in response to the paragraphs designated as "1" through "55"

TWENTY-SECOND. Denies in the form and manner alleged the allegations contained in paragraph designated as "57" of the Verified Complaint, except admits that the former **CRESTWOOD SERVICES, INC.** operated a residential care treatment facility and provided services, including to the Plaintiff herein, in accordance with all good and accepted practices and standards, and that Defendant **WOODS SERVICES, INC.** is the successor by merger to the former **CRESTWOOD SERVICES, INC.**, and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

TWENTY-THIRD. Denies each and every allegation set forth in paragraphs "58," "59," "60," "61," "62" and "63.".

## AS FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION AGAINST CRESTWOOD SERVICES, INC.

TWENTY-FOURTH. With respect to the paragraph designated as "64" of the Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial of knowledge or information sufficient to form a belief, denial in the form and manner alleged, and denial in response to the paragraphs designated as "1" through "63".

TWENTY-FIFTH. Denies in the form and manner alleged the allegations contained in paragraph designated as "65" of the Verified Complaint, except admits that the former **CRESTWOOD SERVICES, INC.** operated a residential care facility and provided services, including to the Plaintiff herein, in accordance with all good and accepted practices and standards and in accordance with all pertinent statutes and regulations, and that Defendant **WOODS SERVICES, INC.** is the successor by merger to the former **CRESTWOOD SERVICES, INC.**, and otherwise begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

TWENTY-SIXTH. Denies each and every allegation set forth in paragraphs "66," "67," "68," "69," "70," "71" and "72".

## AS FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST CRESTWOOD SERVICES, INC.

TWENTY-SEVENTH. With respect to the paragraph designated as "73" of the Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial of knowledge or information sufficient to form a belief, denial in the form and manner alleged, and denial in response to the paragraphs designated as "1" through "72".

TWENTY-EIGHTH. Denies each and every allegation set forth in paragraphs "74," "75," "76," "77," "78," "79," "80" and "81".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-NINTH. The Verified Complaint is time barred inasmuch as the suit was not instituted within the applicable Statute of Limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTIETH. Upon information and belief, whatever damages the Plaintiff may have sustained at the time(s) and place(s) mentioned in the Verified Complaint were caused in whole or in part by the culpable conduct of Plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct is attributable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-FIRST. Upon information and belief that injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom the answering Defendant neither had nor exercised control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-SECOND. Upon information and belief, Plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the Defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-THIRD. That pursuant to CPLR §1600 et seq., if it is determined by verdict or decision that two or more tortfeasors are jointly liable to the Plaintiff, and if the liability of the Defendant is found to be 50% or less of the total liability assigned to all persons liable, the liability of such Defendant to the Plaintiff for non-economic loss shall not exceed the Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH.  The Plaintiff failed to mitigate his damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH.  The acts or omissions of the Defendant herein were not negligent, careless, abusive, reckless, willful, and/or grossly negligent as alleged in the Plaintiff's Verified Complaint and any and all claims for punitive damages and attorney's fees should be denied.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH.  The Verified Complaint fails to state a cause of action or causes of action upon which relief can be granted against the Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH.  Pursuant to Section 15-108 of the General Obligations Law, any recovery by the Plaintiff must be reduced by such amounts and/or such percentages of negligence as may result from settlements or trial with any tortfeasor or others.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH.  Although the Defendant denies the allegations of the Plaintiff as to injuries and damages alleged, these injuries and damages, if any, were caused by the intervening acts or superseding negligence of persons, parties or corporate entities over whom the Defendant has no control or right to exercise such control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH.  That all times the actions of the Defendant were not a proximate cause the Plaintiff's alleged injuries.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTIETH.  The Plaintiff, pursuant to Section 3211(a)(3) of the Civil Practice Laws and Rules, lack the capacity to sue.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-FIRST. The negligence of those responsible for the accident or the occurrence alleged in the Plaintiff's Verified Complaint constituted a separate, independent, superseding, intervening act which constitutes the sole proximate cause of the accident or occurrence alleged.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND. The Plaintiff's claims are barred and/or diminished, in whole or in part, by the doctrines of collateral estoppel, release, res judicata, unclean hands and/or laches.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD. The Plaintiff failed to name or join necessary parties to this action.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH. The documentary evidence provides the Defendant with a complete defense to the Plaintiff's allegations.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH. Plaintiff failed to obtain personal jurisdiction over the Defendant.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH. The Defendant avers that the Plaintiff's intent to seek punitive damages under New York law, without bifurcating the trial and trying all punitive damages issues only, if and after liability on the merits has been found, would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United State Constitution, as well as the due process provisions of the New York Constitution, and would be improper under the common law and public policies of the State of New York and under applicable court rules and statutes.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH. The Defendant avers that Plaintiff's intent to seek punitive damages violates the Due Process Clause of the Fifth Amendment of the Constitution of the United States, the Sixth Amendment, the right to trial by jury of the Seventh Amendment as applied on

quasi criminal actions of the proportionality principles contained in the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and Article 1, Section 1, 2, 5, 6 and 11 of the Constitution of the State of New York for the following reasons, jointly and separately:

a. There are no standards provided by New York law for the imposition of punitive damages and, therefore, the Defendant has not been put on notice and given the opportunity to anticipate punitive liability or the potential size of an award and to modify or conform their conduct accordingly.

b. The procedures to be followed would permit an award of punitive damages against this defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable to the imposition of criminal sanctions for equal culpability.

c. The procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

d. There are no provisions for clear and consistent appellate standards of review of any award of punitive damages against this defendant under present New York law.

e. The standard of conduct upon which punitive damages are sought against the Defendant is vague and ambiguous.

f. The procedures used by New York courts, and guidelines given to the jurors, jointly and separately, are vague and ambiguous and thus impermissibly delegate to jurors basic policy matters, impermissibly allow jurors broad, unlimited and undefined power to make determinations on their notions of what the law should be instead of what it is; and fail to eliminate the effects of, and to guard against, impressible juror passion.

g. Present New York law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, the amount to be awarded.

h. Present New York law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

i. Present New York law does not provide for adequate and independent review by the trial court and the appellate court for the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

j. Present New York law does not limit an award of punitive damages to conduct that occurred within the state and otherwise permits recovery of punitive damages for extra-territorial conduct on the part of this defendant.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-EIGHTH.     As a further defense, the Defendant avers that the imposition of punitive damages in this case violates the Equal Protection Clause of the Fifth and Fourteenth

Amendments of the Constitution of the United States and deprives this defendant of the right to equal protection under the laws provided in Article 1, Section 1, 6 and 11 of the Constitution of the State of New York for the following reasons, jointly and separately:

a. The procedures to be followed would permit the awarding of punitive damages against the Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability.

b. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and amount similarly situated civil defendants.

c. The Defendant, without procedure protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination, whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-NINTH.    Plaintiff failed to properly plead a claim for punitive damages.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

FIFTIETH.    Defendant did not depart or deviate from any recognizable standard of care nor were the alleged departures a proximate cause of the Plaintiff's alleged injuries.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

FIFTY-FIRST.    The Supreme Court of the State of New York, County of Kings, is an improper venue for this action.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

FIFTY-SECOND.    The Complaint is defective and should be dismissed as a matter of law on the basis of the failure to append the requisite Certificate of Merit for actions sounding in medical malpractice.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

FIFTY-THIRD.    Plaintiff failed to effectuate proper service of process.

**WHEREFORE**, Defendant, **WOODS SERVICES, INC.,** and as successor by merger to former **CRESTWOOD SERVICES, INC.**, demands judgment dismissing the Verified Complaint herein, together with the costs and disbursements of this action.

Dated: Valhalla, New York
November 27, 2020

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Court Rules.

    Yours, etc.

    KAUFMAN BORGEEST & RYAN LLP

    _____
    By: Steven D. Weiner
    Attorneys for Defendant
    200 Summit Lake Drive
    Valhalla, NY 10595
    (914) 449-1000
    KBR File No.: 508.583

To:    Merson Law, PLLC
       Attorneys for Plaintiff
       150 East 58th Street, 34th Floor
       New York, NY 10155
       (212) 603-9100

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

**STEVEN D. WEINER**, being duly sworn, states that I am a member of the firm of **KAUFMAN BORGEEST & RYAN LLP**, attorneys for Defendant, **WOODS SERVICES, INC.,** and as successor by merger to the former **CRESTWOOD SERVICES, INC.**, in this action and that the foregoing **VERIFIED ANSWER** is true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true; that the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished by the Defendant and other documents maintained in the office of its attorneys; and that the reason why this verification is not made by Defendant is that the Defendant is located in a county other than the county where its attorneys have their office.

Dated: Valhalla, New York
       November 27, 2020

_____
**STEVEN D. WEINER**