```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN DOE,                                                   :
                                                            :
                Plaintiff,                                  :
        v.                                                  :      MEMORANDUM & ORDER
                                                            :      20-CV-6129 (WFK) (TAM)
WOODS SERVICES, INC. and CRESTWOOD                          :
SERVICES, INC.,                                             :
                                                            :
                Defendants.                                 :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

John Doe ("Plaintiff") alleges he was sexually abused as a child by two counselors. He seeks to hold their employers, Woods Services, Inc. and Crestwood Services, Inc.[1] ("Defendants"), liable under the New York Child Victims Act. Defendants move to dismiss for lack of personal jurisdiction or proper venue. In the alternative, Defendants ask the Court to transfer the case to the Eastern District of Pennsylvania. For the reasons that follow, the Court grants the motion to transfer and declines to reach Defendants' motion to dismiss.

## BACKGROUND

Defendants are non-profits that provide care to children with special needs. *See* Compl. ¶ 4, ECF No. 1-1; Kimmelman Decl. ¶ 3, ECF No. 9-2. Plaintiff was a client. Compl. ¶¶ 4, 22. He alleges two of Defendants' counselors—Tim Riley and Matt McCall—sexually abused him from 2004 to 2006. *Id.* ¶ 5. These abuses occurred, Plaintiff claims, in Pennsylvania, where Defendants' facilities are located. *Id.* ¶ 23. They also took place in New York while the counselors were bringing Plaintiff home. *Id.* ¶¶ 23, 25. To ensure his silence, Riley and McCall purportedly threatened Plaintiff and subjected him to further abuse. *Id.* ¶ 26.

Plaintiff sued Defendants in the Supreme Court of New York on March 9, 2020. He charges Defendants with (1) negligence; (2) negligent hiring, retention, and supervision; and (3) negligent infliction of emotional distress. *Id.* ¶¶ 30-81. Defendants removed the action to this

---

[1] Defendants allege Crestwood merged into Woods Services in 2012 and thus no longer exists. Defs' Mot. at 2, ECF No. 9.

Court on December 17, 2020.  *See* Notice of Removal, ECF No. 1.  They now move to dismiss or transfer this case under 28 U.S.C. § 1404(a) to the Eastern District of Pennsylvania.  *See* Defs' Mot.

## DISCUSSION

This action belongs in the Eastern District of Pennsylvania.  Plaintiff's claims have no relation to this district and the witnesses and documents relevant to his case are likely in the Pennsylvania.  Because it will be more convenient to try this case in the Eastern District of Pennsylvania, the Court grants Defendants' motion to transfer without reaching their motion to dismiss.  *See Tlapanco v. Elges*, 207 F. Supp. 3d 324, 326 (S.D.N.Y. 2016) (Nathan, J.) (reaching the same result).

The Court has "broad discretion" to transfer civil actions under section 1404(a).  *JP Morgan Chase Bank, N.A. v. Coleman-Toll Ltd. P'ship*, 2009 U.S. Dist. LEXIS 45418, *14 (S.D.N.Y. May 26, 2009) (Sullivan, J.).  But that discretion is governed by a two-part test.  28 U.S.C. § 1404(a).

First, the Court considers whether this action "might have been brought" in the Eastern District of Pennsylvania.  *Id.*  Here, the answer is yes: the Eastern District of Pennsylvania is a proper venue and may exercise jurisdiction over Defendants because they are incorporated in Pennsylvania, maintain their principal place of business in that district, and "a substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" there.  *Id.* § 1391(b)(1), (2); *see Malik v. Cabot Oil & Gas Corp.*, 710 Fed. Appx. 561, 563 (3d Cir. 2017) ("For a corporation, the place of incorporation and principal place of business are where it is at home and are, therefore, the paradigm bases for general jurisdiction.") (citation and quotation marks omitted); *see also* Kimmelman Decl. ¶¶ 2, 4.  And the Eastern District of Pennsylvania has

2

subject matter jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy likely exceeds $75,000.00. *See* 28 U.S.C. § 1332.

Second, Defendants must show that transfer is appropriate. This inquiry is guided by the following ten factors, none of which alone are dispositive:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

*Tripathy v. Feuz*, 21 CV 5349 (VB), 2022 U.S. Dist. LEXIS 194483, at *19 (S.D.N.Y. Oct. 24, 2002) (Briccetti, J.); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y. 1991) (Spatt, J.). Here, they cut towards transfer.

Start with the first and "key" factor: convenience of the witnesses. *Palace Expl. Co. v. Petroleum Dev. Co.*, 41 F. Supp. 2d 427, 437 (S.D.N.Y. 1998) (Carter, J.). Defendants identify Riley and McCall as potential witnesses who may be inconvenienced if Plaintiff's suit were to proceed in this Court. Defs' Mot. at 22. That may be true. Or maybe not: Defendants have not explained precisely "why it would be inconvenient for [these] witness[es]" to testify in this district. *Laumann Mfg. Corp. v. Castings USA*, 913 F. Supp. 712, 721 (E.D.N.Y. 1996) (Spatt, J.).

Nonetheless, this factor leans in favor of transfer because most potential witnesses will likely be in Pennsylvania. The crux of Plaintiff's claims is that Defendants negligently hired and supervised its employees and failed to protect the individuals in their care from sexual abuse.

3

*See* Compl. ¶¶ 30-81. The witnesses best suited to testify to these issues are Defendants' current and former directors and employees—most of whom likely reside in Pennsylvania, where Defendants are located and conduct their business. Other material witnesses also likely include Defendants' current and former clients, most of whom are from Pennsylvania. *See* Kimmelman Decl. ¶ 6. And although Plaintiff identifies himself as a potential witness who may be inconvenienced if this action were transferred to Pennsylvania, "the convenience of non-party witnesses is accorded more weight than that of party witnesses." *Tlapanco*, 207 F. Supp. 3d at 329. This factor thus cuts in favor of transfer. *See Schechter v. Tauck Tours*, 17 F. Supp. 2d 255, 261-62 (S.D.N.Y. 1998) (Kaplan, J.) (holding that the convenience of witnesses leans in favor of transfer even where movants provided only "general claims" about the availability of witnesses because "common sense indicates" material witnesses are located in the transferee district).

For similar reasons, the third and fifth factors—locus of operative facts and the location of relevant documents—also favor transfer. To determine the locus of Plaintiff's claims, the Court looks to "where the acts or omissions for which [D]efendants could be held liable occurred." *Cain v. Twitter, Inc.*, No. 17 Civ. 122 (PAC), 2017 U.S. Dist. LEXIS 62724, at *12 (S.D.N.Y. Apr. 25, 2017) (Crotty, J.) (citation, quotation marks, and alterations omitted). Here, the locus of operative facts is Pennsylvania because that is where Defendants conduct their business, decide who to employ and retain (including Riley and McCall), and operate their facilities. That is also where documents and evidence relevant to Plaintiff's claims likely are.

In response, Plaintiff claims New York is the locus of operative facts because some of the abuse took place there. True, the place of injury may be one of "several loci of operative facts" for certain tort actions under section 1404(a). *Ivy Soc'y Sports Grp., LLC v. Baloncesto Superior*

4

*Nacional*, No. 08 Civ. 8106 (PGG), 2009 U.S. Dist. LEXIS 65193, at *19 (S.D.N.Y. July 28, 2009) (Gardephe, J.). But here, the location of Plaintiff's injury has no bearing on Defendants' liability. *See Issa v. Priority Transp., LLC*, No. 1:05-CV-394-TS, 2006 U.S. Dist. LEXIS 47419, at *18 (N.D. Ind. July 7, 2006) (concluding the locus of operative facts in a negligent hiring and retention case is the location where defendants made the decision to hire the employee); *cf. Cain*, 2017 U.S. Dist. LEXIS 62724, at *12 (locus of operative facts for a case involving a claim for negligent infliction of emotional distress was the location of the company's business decisions). Rather, the acts or omissions that give rise to Defendants' liability—negligently hiring and managing its employees and operating its facilities—all took place in the Eastern District of Pennsylvania. And so that is where the locus of operative facts lays.

This approach also makes sense. Section 1404(a) is intended to prevent "waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *See In re Devine*, 2022 U.S. Dist. LEXIS 94193, at *9 (S.D.N.Y. May 25, 2022) (Broderick, J.) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). That goal will be best served if this action is sent to the Eastern District of Pennsylvania, where Defendants allegedly committed the acts that gives rise to liability under Plaintiff's theory of the case.

Two factors, however, weigh against transfer. One is Plaintiff's choice of forum, which is ordinarily "entitled to substantial deference." *Gross v. BBC*, 386 F.3d 224, 230 (2d Cir. 2004). But this deference is diminished because facts relating to Plaintiff's claims have nothing to do with the Eastern District of New York. *See Vorobey v. Cleveland Bros. Equip. Co.*, 17-CV-1115V(Sr), 2018 U.S. Dist. LEXIS 58384, at *5 (W.D.N.Y. Apr. 5, 2018) (holding the same). The other is this district's presumed familiarity with New York law, which would apply at least

5

in part if this action were transferred. *Miller v. Bombardier, Inc.*, 93 Civ. 0376 (PKL), 1993 U.S. Dist. LEXIS 13319, at *13-14 (S.D.N.Y. Sept. 23, 1993) (Leisure, J.) (explaining that the transferee court is bound by the choice of law rules of the transferor court). But this factor tips only slightly against transfer because there is no reason the Eastern District of Pennsylvania will not be "capable of applying the substantive law of other states." *Ivy Soc'y Sports Grp., LLC*, 2009 U.S. Dist. LEXIS 65193, at *24.

The remaining factors are neutral. First, a party will be inconvenienced no matter where this case is litigated. *Kiss My Face Corp. v. Bunting*, 02 Civ. 2645 (RCC), 2003 U.S. Dist. LEXIS 17096, at *11 (S.D.N.Y. Sept. 29, 2003) (Casey, J.) (this factor is neutral where transfer would "merely shift any inconvenience" from a party to another). Second, "[t]he parties have not presented any evidence that any . . . non-party witnesses would be unavailable . . . or unwilling" to testify in either district. *Beckerman v. Heiman*, No. 05 Civ. 5234 (BSJ) (GWG), 2006 U.S. Dist. LEXIS 39685, at *22 (S.D.N.Y. June 16, 2006) (Gorenstein, Mag. J.). Third, neither party has alleged that its "financial situation would meaningfully impede its ability to litigate this case in either forum. *Ivy Soc'y Sports Grp., LLC*, 2009 U.S. Dist. LEXIS 65193, at *23 (explaining that this factor is neutral in such circumstances). And finally, there is no reason this case will be tried any less expediently in either district. *See id*.

In sum, three factors—one of which is key—weigh in favor of transfer. Two weighs against. The rest are neutral. On balance, the Court thus finds Defendants have satisfied their burden of demonstrating a basis to transfer this action to the Eastern District of Pennsylvania. Accordingly, the Court will transfer this action in the interest of justice to that district. *See Ivy Soc'y Sports Grp., LLC*, 2009 U.S. Dist. LEXIS 65193, at *27 (explaining the interest of justice

6

compels transfer where "the convenience of the witnesses and the locus of operative facts strongly favor transfer.").

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to transfer this case to the Eastern District of Pennsylvania and therefore does not reach the merits of the motion to dismiss. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 9 and to transfer this case.

SO ORDERED.

                                            **s/ WFK**
                                    HON. WILLIAM F. KUNTZ, II
                                    UNITED STATES DISTRICT JUDGE

Dated: November 7, 2022
       Brooklyn, New York